# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHAURN THOMAS, | : | |
| *Plaintiff*, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA et al., | : | No. 17-4196 |
| *Defendants*. | : | |

## <u>M E M O R A N D U M</u>

PRATTER, J.                                                                                                                                   JANUARY 17, 2019

Plaintiff Shaurn Thomas was wrongly convicted of the 1990 murder of Domingo Martinez. At Mr. Thomas' trial, William Stallworth testified that he saw Mr. Thomas participate in the murder. Twenty-four years later, Mr. Thomas was exonerated after, among other things, Mr. Stallworth recanted his testimony. In 2017, Mr. Thomas brought this lawsuit against the City and the police officers who allegedly fabricated evidence against him.

Presently before the Court is the defendants' motion to enforce a subpoena served on third party Marissa Bluestine, the executive director of the Pennsylvania Innocence Project, seeking documents concerning the PA Innocence Project's interactions with Mr. Stallworth. Ms. Bluestine argues that the documents at issue are protected by the attorney work product privilege. The defendants, in turn, argue that Ms. Bluestine waived this privilege when she submitted an affidavit concerning two of her conversations with Mr. Stallworth. Specifically, the defendants request four withheld documents and un-redacted versions of four documents that have already been produced.

For the reasons set out in this Memorandum, the Court will require the production of the withheld documents but will not require the production of un-redacted versions of the documents already produced.

## BACKGROUND

On October 16, 2018, Plaintiff Shaurn Thomas produced an affidavit from Marissa Bluestine, the executive director of the Pennsylvania Innocence Project, in which Ms. Bluestine recounted past conversations she had with William Stallworth while working at the PA Innocence Project and serving as Mr. Thomas' criminal defense counsel. *See* Exhibit A to the Defendants' Motion to Enforce (Doc. No. 51). Specifically, Ms. Bluestine recounted two conversations she had with Mr. Stallworth:

(1) a September 2011 conversation in which Mr. Stallworth told Ms. Bluestine that he did not know what happened to Mr. Martinez because he was not at the scene of the murder, explained why he agreed to testify against Mr. Thomas, and expressed his fear to go on the record prior to his own parole hearing; and

(2) a Summer 2014 conversation in which Mr. Stallworth stated that he stood by his 2011 statements, was experiencing medical issues, and was denied parole after he told the parole board that he was not involved in the Martinez murder.

In response, on October 22, 2018, the defendants served Ms. Bluestine with a subpoena that called for Ms. Bluestine to testify at a deposition and included a request for Ms. Bluestine to bring "any and all documents, including notes, possessed by you or the Innocence Project regarding any and all meetings or conversations you or anyone else had with William Stallworth."

On December 5, 2018, Ms. Bluestine informed the defendants that she would not produce thirteen of the requested documents concerning Mr. Stallworth, and she redacted several of the documents concerning Mr. Stallworth that she did produce. Ms. Bluestine and the PA Innocence Project claimed that the redacted and withheld documents were protected by the attorney work product privilege.

By the time the defendants filed this motion on December 20, 2018, Ms. Bluestine had agreed to produce nine of the thirteen documents concerning Mr. Stallworth. However, Ms.

Bluestine maintains her position that the remaining four documents and the redacted portions of four of the documents she already produced are protected.

The withheld documents are described on Ms. Bluestine's privilege log as follows:

- An October 6, 2011 witness interview report concerning Mr. Stallworth prepared by the PA Innocence Project's investigator (Privilege Log Entry 6);
- Two letters from Mr. Stallworth to the PA Innocence Project, one dated August 2011 and one dated June 2014 (Privilege Log Entries 5 and 11); and
- One letter from Ms. Bluestine to Mr. Stallworth dated October 3, 2011 (Privilege Log Entry 7).

Following a telephone conference with the parties held on January 15, 2019, the Court conducted an *in camera* review of the documents at issue.

### LEGAL STANDARD

"It is well-settled that when a client voluntarily discloses privileged communications to a third party, the privilege is waived." *Westinghouse Elec. Corp. v. Republic of Phil.*, 951 F.2d 1414, 1424 (3d Cir. 1991). When a disclosure is made that waives the attorney work product protection, "the waiver extends to an undisclosed communication or information . . . only if: (1) the waiver is intentional; (2) the disclosed and undisclosed communications or information concern the same subject matter; and (3) they ought in fairness to be considered together." FED. R. EVID. 502. The Explanatory Note to Rule 502 explains that an extension of a waiver is "reserved for those unusual situations in which fairness requires a further disclosure of related, protected information, in order to prevent a selective and misleading presentation of evidence to the disadvantage of the adversary." FED R. EVID. 502 Explanatory Note. And in *Westinghouse*, the Third Circuit Court of Appeals stated that "[w]hen a party discloses a portion of otherwise privileged materials while withholding the rest, the privilege is waived only as to those communications actually disclosed, unless a partial waiver would be unfair to the party's adversary." *Westinghouse*, 951 F.2d at 1426 n.12; *see also Shionogi Pharma, Inc. v. Mylan Pharmaceuticals, Inc.*, Civ. No. 10-1077, 2011 U.S.

3

Dist. LEXIS 146408, at *12 n.1 (D. Del. Dec. 21, 2011) (discussing the consistency between the Explanatory Note and *Westinghouse*).

## DISCUSSION

### I. The Withheld Documents

The defendants insist that all documents concerning Mr. Stallworth should be disclosed. The defendants point out that Mr. Thomas' counsel drafted Ms. Bluestine's declaration, that Ms. Bluestine and Mr. Thomas are personal friends, and that Ms. Bluestine and Mr. Thomas' counsel have worked together and provided joint representation in other criminal cases. They argue that these facts suggest Ms. Bluestine submitted her declaration with the intent to advantage Mr. Thomas, and that Ms. Bluestine should not be permitted to selectively pick and choose which Mr. Stallworth related documents to produce.

In contrast, Ms. Bluestine insists that she did not selectively include or exclude information in the declaration with the intent of giving a party an advantage, that she already provided the defendants with any documents that "could reasonably be used to question the contents of the declaration," and that she did not rely on the withheld documents in any respect either in the preparation of the declaration or in preparation for her deposition.

It is undisputed that Ms. Bluestine waived the attorney work product privilege as to the two conversations with Mr. Stallworth discussed in her affidavit when she intentionally submitted the affidavit. And although the Court does not conclude or otherwise suggest that Ms. Bluestine selectively withheld these documents to try to achieve some inappropriate advantage for Mr. Thomas, the withheld documents relate to the same issues discussed in those conversations as recounted by Ms. Bluestine, issues that are of significance in this case. Therefore, in fairness and to complete the picture of the events set out in Ms. Bluestine's affidavit, the Court will order Ms. Bluestine to produce the withheld documents—documents Bates labelled Bluestine 060–066.

## II. The Redacted Documents

As for the redactions on documents heretofore produced, Ms. Bluestine argues that they are justified because they concern information pertaining to the claims of individuals who have nothing to do with Mr. Thomas, his claim of innocence, or his claims in this civil action. She states that disclosure of this information "would imperil the private communications of individuals seeking legal advice concerning their claims of actual innocence."

The Court's independent review of these documents confirms Ms. Bluestine's description of the redactions. None of the redacted content relates to Mr. Thomas or any issue posed by this case. Rather, the redacted portions of these documents concern unrelated third parties' claims of innocence and other information irrelevant to this lawsuit. As such, these materials or excerpts need not be disclosed.

## CONCLUSION

For the reasons set out in this Memorandum, the Court grants the defendants' motion to enforce the subpoena in part and denies it in part. An appropriate order follows.

BY THE COURT:

S/Gene E.K. Pratter
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE