IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **SHAURN THOMAS,** : | |
|           **Plaintiff,** : | |
| : | **Civil Action** |
| v. : | **No. 17-4196** |
| : | |
| **CITY OF PHILADELPHIA, et al.,** : | |
|           **Defendants.** : | |

**SURREPLY BRIEF IN SUPPORT OF DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT**

Plaintiff cannot use *Forrest v. Parry*, 2019 WL 2998601 (3d Cir. July 10, 2019), to escape summary judgment. Plaintiff's sole claim against the City of Philadelphia is that it failed to supervise, train, and discipline its homicide detectives in the early 1990s. In *Forrest*, the Third Circuit Court of Appeals reaffirmed that "a plaintiff alleging failure-to-supervise, train, or discipline must show that said failure amounts to deliberate indifference to the constitutional rights of those affected." *Id.* at *8. *Forrest* thus restates the holding of *Montgomery v. De Simone*, 159 F.3d 120 (3d Cir. 1998), that a plaintiff suing a municipality for failing to supervise, train, or discipline its officers must show "that failure amounts to deliberate indifference to the rights of persons with whom the police come into contact." *Id.* at 127.

To prove such "deliberate indifference," plaintiffs must adduce evidence showing: (i) that a policymaker had (or at least should have had) "contemporaneous knowledge of the offending incident or knowledge of a prior pattern of similar incidents;" and (ii) "circumstances under which the supervisor's actions or inaction could be found to have communicated a message of approval to the offending subordinate." *Id.* Plaintiff cannot meet any of these requirements. In

1

particular, he has adduced no evidence that a policymaker should have known of a prior pattern of similar misconduct by homicide detectives. While some Third Circuit cases indicate that a "reasonable fact-finder may conclude that a Police Chief has constructive knowledge of constitutional violations where they are repeatedly reported in writing to the Police Department," *Hernandez v. Borough of Palisades Park*, 58 F. App'x 909, 913 (3d Cir. 2003), no evidence exists in this case that the Philadelphia Police Department received numerous written complaints about its homicide detectives in the early 1990s. In fact, only one written complaint was filed against Detectives Devlin and Worrell in the five years preceding Plaintiff's arrest. *See* Docket No. 89 at page 7 of 15. By contrast, Mr. Forrest showed that six complaints were brought against one of his arresting officers in the five years leading up to his arrest, and that 622 written complaints were lodged against Camden police officers during those years. *Forrest*, 2019 WL 2998601, at *4, *4 n.5. Mr. Forrest thus adduced sufficient evidence that Camden had "knowledge of a prior pattern of similar incidents" of misconduct by police, *DeSimone*, 159 F.3d at 127, but Plaintiff has adduced no such evidence and his claim against the City fails.

Date:  July 12, 2019                                     Respectfully submitted,

                                                         /s/ Michael R. Miller
                                                         Michael R. Miller
                                                         Deputy City Solicitor
                                                         Pa. Attorney ID No. 315759
                                                         City of Philadelphia Law Department
                                                         1515 Arch Street, 14th Floor
                                                         Philadelphia, PA 19102
                                                         215-683-5433 (phone)
                                                         215-683-5397 (fax)
                                                         michael.r.miller@phila.gov