IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| **SHAURN THOMAS,** : <br> **Plaintiff,** : <br> : <br> v. : <br> : <br> **CITY OF PHILADELPHIA, et al.,** : <br> **Defendants.** : | **Civil Action** <br> **No. 17-4196** |

## REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION FOR SEPARATE TRIALS

The Court should bifurcate these proceedings because a trial against the City of Philadelphia will require the testimony of 18-37 additional witnesses.[1] Plaintiff's expert has rendered an opinion on his municipal liability claim by considering three homicide cases – James Dennis, Andrew Swainson, and Percy St. George – in which Detectives Devlin and Worrell had no involvement. *See* Plaintiff's Expert Report (Docket No. 87) at page 17. A non-bifurcated trial will thus require the testimony of at least 18 additional witnesses, including:

- Eight additional police witnesses and two additional civilian witnesses who will testify about the James Dennis investigation. *See* List of Witnesses at pages 1-2 (Docket 114-1).

- Four additional police witnesses and one additional civilian witness who will testify about the Andrew Swainson investigation. *See id.* at page 3.

---

[1] The Defendants are submitting a revised brief because Plaintiff's counsel has stated that he called the Court's clerk about this case, and that the clerk informed him that the Defendants should submit a list of witnesses for the underlying case, in addition to their list for the municipal liability claim.

1

- Two additional police witnesses who will testify about the Percy St. George investigation. *See id.* at page 4.

- A police department official who will testify about the Internal Affairs records of Detectives Devlin and Worrell, given Plaintiff's contention that the City failed to supervise and discipline the Detectives. *See id.* at page 5.

Contrary to Plaintiff's assertion, the 17 witnesses related to the Dennis, Swainson, and St. George cases will not be called to "retry . . . underlying criminal cases." *See* Docket No. 108 at page 8. Instead, they will be called because Plaintiff and his expert assert that "unlawful investigative techniques" were used in the Dennis, Swainson, and St. George cases. *See id.* Given this assertion, the City must call police witnesses to testify whether they committed any misconduct during the investigations, whether they witnessed other officers commit misconduct, and whether they were pressured to commit misconduct. *See* List of Witnesses at pages 1-4 (summarizing each witness's expected testimony). Likewise, the City must call the civilians who gave inculpatory information during the investigations, so they can testify as to whether they provided such information due to coercion or police misconduct. *See id.*

Additionally, Plaintiff's expert has rendered opinions related to his municipal liability claim by analyzing the homicide investigations of Jack Combs, Carlos Hernandez, Willie Veasy, Walter Ogrod, and Anthony Wright. *See* Docket No. 87 at page 17. The City will argue that Plaintiff cannot call any of these individuals as witnesses under Rule 404(b).[2] Detectives Devlin and Worrell never interviewed Mr. Combs, and Plaintiff thus cannot use his case as evidence of the Detectives' "modus operandi" of obtaining confessions. *See* List of Witnesses at page 6.

---

[2] The Defendants also will file a motion to preclude Plaintiff from using Ed Williams and Quiana Mosley as Rule 404(b) witnesses for several reasons, and the Defendants note that state court factfinders previously rejected the testimony of these two witnesses when they convicted Mr. Hernandez and Mr. Combs of murder.

Moreover, state courts have already held that Hernandez, Veasy, and Ogrod confessed freely and voluntarily, so issue preclusion bars Plaintiff from using them as 404(b) witnesses. *See id.* at pages 7-9. And Anthony Wright cannot be a 404(b) witness for several reasons, including that he cannot even identify Detective Devlin as the person who allegedly coerced his confession. *Id.* at page 10.

Since the foregoing cases are not admissible under Rule 404(b), the Defendants will not call any witnesses regarding them if the Court bifurcates this case. But if the Court declines to bifurcate, the City will call three police witnesses who worked on the Combs case, one former detective who worked on the Hernandez case, one civilian who interacted with police during the Veasy investigation, five witnesses with knowledge of how police behaved during the Ogrod investigation, and seven witnesses with knowledge of the Wright case. *See id.* at pages 6-11. Once again, these 17 witnesses[3] will testify as to whether misconduct occurred during the investigations, rather than for the purpose of "re-trying" the cases of convicted murderers.

Furthermore, if the Court declines to bifurcate then Plaintiff will undoubtedly call Paul McCauley as an expert witness, and the City will call John Ryan and Ray Melder to rebut McCauley's testimony. But if the Court does bifurcate, the City will file a motion in limine to preclude McCauley from testifying entirely, since his analysis and opinions as to the adequacy of the Detectives' investigation are irrelevant as to Plaintiff's underlying claims. *See* Docket No. 106. Should the Court grant that motion, the City will not call its experts. Bifurcation thus opens the possibility that the Court can conduct a trial free of expert testimony.

Finally, <u>even if the Court rules against the Defendants on every single 404(b) issue and on their motion in limine regarding expert witnesses, the 17 witnesses related to the Dennis,</u>

---

[3] Plaintiff will seek to expand this number to 19 witnesses by calling Mr. Wright and his attorney, Peter Neufeld, to testify as *Monell* witnesses. *See* Exhibit L at ¶¶ 25-26.

<u>Swainson, and St. George cases, and the 18th witness who will testify as to the Detectives'</u> <u>Internal Affairs histories, will **only** testify if the Court denies the motion to bifurcate</u>. The Court can thus avoid having 18 witnesses testify by granting the motion. Such an outcome would certainly promote convenience and expedite and economize this case, and the Court should grant the pending motion for separate trials.[4]

---

[4] The Defendants will only call seven additional witnesses in the underlying case against Detectives Devlin and Worrell. *See* Docket No. 114-1 at page 12. Moreover, four of these witnesses will testify for less than 20 minutes, *id.*, which shows how simple and quick the trial of the underlying case will be.

Plaintiff attempts to escape this fact and picture the underlying case as complex by claiming that he will call "over 25 fact witnesses and Dr. R. Paul McCauley." *See* Docket No. 108 at page 7. While the Court's decisions on motions in limine will determine how many fact witnesses Plaintiff may call, Plaintiff's arguments on this front are specious. For instance:
- Plaintiff states he will call Carl Tonez/Hernandez as a witness, *see* Docket No. 108 at page 13, but his expert admits that Mr. Hernandez is dead, *see* Docket No. 87 at page 17.
- Plaintiff states that he will use Rule 608(b) to call his witnesses, *see* Docket No. 108 at page 12, but the very text of Rule 608(b) bars such use of "extrinsic evidence."
- Plaintiff seeks to inflate his witness list by including four prosecutors who have no personal knowledge of the 1990s investigation against him – B.J. Graham-Rubin, Andrew Wellbrock, Kathy Martin, and Bryan Hughes – as witnesses. *See* Exhibit L, Plaintiff's Witness List, at ¶¶ 13-16. But the Defendants' pending motion in limine shows these witnesses are utterly irrelevant, particularly given the fact that the Defendants will not contest the favorable termination element of Plaintiff's claims. *See* Docket No. 107.
- Plaintiff states that he will call Judge Teresa Carr Deni, even though she represented his fellow murderer, Mustafa Thomas, rather than him. *See* Exhibit L at ¶ 18.
- Plaintiff states that he will call McCauley in his underlying case, but if the Court bifurcates then the Defendants will file a motion in limine to bar McCauley from testifying.

As for Plaintiff's statement that he "cited to over 120 documents and testimony from 18 witnesses" in his summary judgment brief, the Defendants readily admit that Plaintiff's counsel have taken many lengthy depositions in this case. They took a 356-page deposition of Detective Devlin even though he recalls nothing about the case. *See* Exhibits I-J (Devlin Depositions). In fact, after promising Timothy Tague – a patrol officer who also remembers nothing about the case – that his deposition would be "pretty quick[]," Plaintiff's counsel conducted a deposition that generated a 96-page transcript – pages which were so irrelevant that Mr. Tague did not even make it onto Plaintiff's inflated witness list. *See* Exhibit K, Tague Deposition, at 6:19-20, 12:21-13:5, 84:17-21; Exhibit L. But the Defendants are confident that, in a trial setting, the Court will not permit the jury to hear irrelevant testimony. And even if the Court's pretrial rulings allow Plaintiff to call 25 fact witnesses, the simple fact that the City will have to call **18-35 additional**

4

Date:  September 27, 2019                               Respectfully submitted,


                                                        /s/ Michael R. Miller
                                                        Michael R. Miller
                                                        Deputy City Solicitor
                                                        Pa. Attorney ID No. 315759
                                                        City of Philadelphia Law Department
                                                        1515 Arch Street, 14th Floor
                                                        Philadelphia, PA 19102
                                                        215-683-5433 (phone)
                                                        215-683-5397 (fax)
                                                        michael.r.miller@phila.gov

---

**witnesses** to defend itself against the municipal liability claim should lead this Court to bifurcate the proceedings.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHAURN THOMAS,<br>　　　　　Plaintiff,<br><br>　　　v.<br><br>CITY OF PHILADELPHIA, et al.,<br>　　　　　Defendants. | Civil Action<br>No. 17-4196 |

　　　　I hereby certify that on the date below, the Defendants' Reply Brief in Support of a Motion for Separate Trials was filed via the Court's electronic filing system and is available for downloading.

Date:  September 27, 2019　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　/s/ Michael R. Miller
　　　　　　　　　　　　　　　　　　　　　　　Michael R. Miller
　　　　　　　　　　　　　　　　　　　　　　　Deputy City Solicitor
　　　　　　　　　　　　　　　　　　　　　　　Pa. Attorney ID No. 315759
　　　　　　　　　　　　　　　　　　　　　　　City of Philadelphia Law Dep't
　　　　　　　　　　　　　　　　　　　　　　　1515 Arch Street, 14th Floor
　　　　　　　　　　　　　　　　　　　　　　　Philadelphia, PA 19102
　　　　　　　　　　　　　　　　　　　　　　　215-683-5433 (phone)
　　　　　　　　　　　　　　　　　　　　　　　215-683-5397 (fax)
　　　　　　　　　　　　　　　　　　　　　　　michael.r.miller@phila.gov